## WASHINGTON COUNTY.

---

WESLEY W. FOSTER *et ux. vs.* JAMES E. DENISON.

Although the plaintiff against whom final judgment has been rendered in a civil suit might, if reasons for a new trial existed, obtain a new trial by filing his petition therefor within a year from the entry of the judgment, the defendant is entitled to bring his action for the alleged malicious prosecution of such suit before the expiration of the year within which the plaintiff might apply for a new trial.

Neither the fact that the plaintiff in an ejectment suit entered the writ in court after possession of the premises had been surrendered and nothing remained in the suit but a small item of costs, nor the fact that the plaintiff carried the case up to the appellate courts on appeal and on a petition for a new trial is any evidence of malice or want of probable cause in an action against him for malicious prosecution, because in such acts the plaintiff was in the exercise of his legal rights.

DEFENDANT'S petition for a new trial.

*January* 27, 1896.    MATTESON, C. J.    We think that the evidence shows that the joining of Mrs. Foster in the ejectment suit, which it is alleged was malicious, was the result of a confusion in the defendant's mind as to whether Walter P. Foster or Mrs. Foster, or both, were to be regarded as tenants of the property, rather than that it was caused by

any improper motive on the part of the defendant. Though Mrs. Foster claimed at the trial that she acted only as agent for her son Walter, in the transactions between her and the defendant and his co-trustee relative to the continued occupation of the hotel during October, she chiefly, if not wholly, conducted the negotiations, and used language which would naturally create an impression in the defendant's mind that she regarded herself as a tenant of the property as well as her son. The note which she sent to the defendant, announcing the decision to remain during October, was "We will try it another month," thus apparently including herself with her son in the agreement. Again, in her answer to cross-interrogatory 5, page 147 of the record, to wit, "What was the understanding? *You* should pay rent, $75, in advance, according to the old lease?" she replies, "I presume so."

We are of the opinion, therefore, that the verdict was against the evidence, both on the ground of malice and want of probable cause.

We do not think that the present suit was prematurely brought. The action of ejectment complained of as malicious had resulted in a judgment in favor of the defendants in the Common Pleas Division, which was final. Though the defendant might, if reasons for a new trial existed, obtain a new trial by filing his petition under the statute within a year from the entry of the judgment, we do not think that this consideration would compel the plaintiffs to wait before bringing the present suit until the expiration of a year from the entry of the judgment in the ejectment suit.

As the case must go back to the Common Pleas Division for a new trial, we may perhaps properly express an opinion concerning some instructions to the jury which we consider erroneous, though their correctness is not before us because no exception was taken at the trial. These instructions were that the jury might consider, as evidence of malice and want of probable cause, the fact that the defendant entered the writ in the ejectment suit in court after possession of the property had been surrendered and nothing remained in the

suit except a small item of costs; also the subsequent pro-
ceedings in the ejectment suit, to wit, the carrying up of the
case from the District Court to the Common Pleas Division,
and from the Common Pleas Division to the Appellate Divis-
ion, on a petition for new trial. In all these acts the defend-
ant was in the exercise of his legal rights. Such exercise
affords no basis for an inference of malice or want of proba-
ble cause, as grounds of action.

New trial granted, and case remitted to the Common Pleas
Division.

*Albert B. Crafts*, for plaintiffs.

*James E. Denison, pro se ipso.*