RHODE ISLAND COMPANY *vs.* SUPERIOR COURT.

OCTOBER 22, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Stearns, JJ.

(1) *Allowance of Cost of Transcript.   Costs.*

Where a verdict had been set aside by the trial justice and the exceptions of plaintiff to such decision overruled and the case remitted to the Superior Court where on a second trial a verdict was returned for plaintiff, the allowance of the cost of the transcript of testimony at the first trial, used in the proceedings on the bill of exceptions, as a part of the taxed costs of the case, was discretionary with the Superior Court.

(2) *Costs.   Notice.*

No notice to the opposing party is required under the statute, of an application for an allowance of the costs of a transcript of testimony.

(3) *Costs.   Notice.*

While it is better practice to give notice to the opposing party of an application for the allowance of the costs of a transcript of testimony, particularly in a case where the application is made to a judge who did not preside at the trial, and while the fact that no notice had been given in some circumstances might warrant the finding that there had been an abuse of discretion in granting the motion, yet, in a case where the record was such as to present a fairly complete history of the case, the decision of the justice who heard the motion and allowed the costs of the transcript will not be disturbed.

*(4)   Costs.   Transcript of Testimony.   Review of Decision Allowing Costs.*

Where a motion for the allowance of the costs of a transcript of testimony
was made to a justice who was not the one who presided at the trial, and
the motion was granted, such motion being addressed to his discretion, his
decision is not subject to review by another justice.

CERTIORARI.   Heard and writ dismissed.

STEARNS, J.   This is a petition for writ of *certiorari* for
the purpose of quashing the record of the Superior Court as
contained in the order of that court entered July 29, 1918, in
the case of *John W. Hanley* v. *The Rhode Island Company*, the
effect of which order was to allow the cost of a certain trans-
cript of testimony to remain as part of the plaintiff's costs
in said case.   The Hanley case was an action for negligence
in which three trials were had before a jury.   In the first
trial, owing to misconduct by the jury, the case was taken
from the jury and passed.   In the second trial before Mr.
Justice SWEENEY, the plaintiff recovered a verdict for five
thousand dollars which was later set aside by the trial justice
on motion of the defendant, on the ground that the verdict
was against the evidence and that the damages awarded were
excessive.   To this decision the plaintiff duly took excep-
tion, filed a transcript of the testimony which was allowed
by the court, and his bill of exceptions as required by law
and upon hearing of the bill of exceptions before this court
the plaintiff's exceptions were overruled and the case was
remitted to the Superior Court for further proceedings.
The case was again tried before Mr. Justice SWEENEY and
another jury and resulted in a verdict for the plaintiff for
fifteen hundred dollars which was sustained by the trial
court and to this decision of the trial court no exception
was taken by either party.   In due course the costs of the
suit were taxed by the clerk of the Superior Court and
included therein was an item for the cost of the transcript
of testimony in the second trial which had been allowed
by one of the justices of the Superior Court.   The appli-
cation for the allowance of the cost of this transcript of the

second trial was made by the attorney for the plaintiff in the regular course of proceedings to the particular judge of the Superior Court who was assigned for duty during that period of the vacation of the Superior Court. The justice who allowed the cost of the transcript had not presided at any of the trials referred to and no notice of the application was given to the defendant. The defendant then filed in the Superior Court a motion to revise costs in several particulars including the allowance of the cost of transcript aforesaid. This motion was heard by Mr. Justice DORAN who granted said motion in part and refused to interfere in regard to the matter of the allowance of the cost of the transcript. The defendant now petitions this court for a writ of *certiorari* and the particular error of law alleged is the action of Mr. Justice DORAN in regard to the matter of the allowance of the cost of the transcript, and this is the only question now raised in this proceeding.

(1)  We find no error in the action of Mr. Justice DORAN in this respect. The transcript in question was used in proceedings in said cause subsequent both to the trial and to the delivery of the transcript to the plaintiff, and in such circumstances the allowance of the cost of the transcript as part of the taxed costs is discretionary with the Superior Court. *N. Y., N. H. & H. R. R. Co.* v. *The Superior Court,* 39 R. I. 560. The application to the justice of the Superior Court in the first instance for the allowance of the cost of this transcript was one which was addressed to his discretion.

(2)  The statutes do not require that notice of this application shall be given to the opposing party and the failure to give notice to the defendant in this particular case does not render invalid the action of the trial justice. We think that it is better practice to give notice to the opposing party in an application of this kind, particularly in a case where the application is made to a judge who did not preside at the trial.

(3)  The fact that no notice or opportunity to be heard had been given, in some circumstances might be sufficient to warrant the finding by this court that there had been an

abuse of the discretion in granting the motion. In this particular case the record was such however as to present a (4) fairly complete history of the case. Inasmuch as this motion was addressed to the discretion of the first justice who had jurisdiction in the matter, we do not consider that the decision thereon was subject to review by another justice of the Superior Court · and the action of Mr. Justice DORAN in refusing to review this decision was without error.

The writ of *certiorari* is dismissed and the record in the cause entitled *John W. Hanley* v. *The Rhode Island Company* sent to us by the Superior Court is remitted to said court.

*Clifford Whipple, Earl A. Sweeney, G. Frederick Frost,* for petitioner.

*John P. Brennan,* for respondent.