ALBERT M. COLALUCA, *d. b. a.* BROWNIE BOTTLING CO. *vs.*
L. FIRSTENBERG BOTTLERS' SUPPLIES, INC.

MAY 17, 1940

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This action of assumpsit was brought in the superior court by a writ of summons against a New York corporation alleged in the plaintiff's writ and declaration to be doing business in Rhode Island. The defendant corporation filed a plea in abatement in which it denied that it was doing business in this state or that it had been properly served with process to bring it within the jurisdiction of the superior court.

A hearing on the issues raised by that plea was duly held by a justice of that court, at which time evidence was presented and arguments were made by the parties. After hearing, the justice overruled the defendant's plea. Defendant excepted to this ruling and thereupon prosecuted its exception by bill of exceptions to this court. The plaintiff filed in this court a motion to dismiss defendant's bill of exceptions on the ground that it was premature. We granted this motion and the case was remitted to the superior court.

Thereafter, on January 29, 1936, defendant filed a plea of the general issue and went to trial on the merits of the case before another justice of the superior court and a jury. At the conclusion of the evidence, which was confined solely to the merits of the controversy between the parties, the trial justice, in effect, suggested to defendant's counsel that he raise the question of jurisdiction. Plaintiff promptly objected to this question being raised at this stage of the proceedings, and especially after it had already been raised before and determined by another justice of the superior court on defendant's plea in abatement. Notwithstanding plaintiff's objection, the trial justice again asked the defendant's counsel if he had a motion, to which counsel made the following answer: "My motion is the plea of jurisdiction. I feel that this court has no jurisdiction over the defendant

due to the service of the writ, and that the corporation has never done business in this state."

The above statement thus elicited by the trial justice's inquiries was treated by him as a formal motion to dismiss for lack of jurisdiction. He claimed that he had the authority to entertain such motion and sustained it, regardless of the fact that, at an earlier stage of the proceedings, another justice of the superior court had determined the very same issue when he overruled defendant's plea in abatement. Plaintiff excepted to this ruling, and has duly prosecuted his exception to this court.

Under this exception, the plaintiff substantially contends, first, that the trial justice was without authority to hear and determine the question of jurisdiction; and, second, that his ruling that the superior court was without jurisdiction is erroneous. On the view that we take, it will be necessary to consider only the first contention. Briefly stated, plaintiff's position is that the defendant could not, after filing the plea of the general issue and proceeding to a full trial on the merits, again raise the question of jurisdiction on the same grounds which had formerly been adjudicated under his plea in abatement. That question, plaintiff asserts, was settled for the purposes of the trial in the superior court although it would be open to the defendant in this court, if he properly prosecuted it by way of a bill of exceptions, after verdict or final decision on the merits. In support of this contention plaintiff relies on the case of *American Electrical Works* v. *Devaney*, 32 R. I. 292.

In opposition to this contention defendant argues that it is the right and the duty of the superior court to dismiss a case at any time during the trial whenever a want of jurisdiction in the court is made to appear; and that this is so regardless of any prior ruling of a justice of that court on such question. Pursuing this argument, defendant asserts: "Certainly if the question of jurisdiction is open for

the Supreme Court to hear on appeal, it is also open for the lower Court to hear at any time when it has the parties before it." And further on in its brief it concludes that "the question whether or not the Court has jurisdiction over the defendant is always before the Court." In support of its position in this respect, the defendant also relies on *American Electrical Works* v. *Devaney, supra.*

Defendant's contention is only partly sound. It is true that this court has substantially said that the question of jurisdiction may be raised at any time—*David* v. *David,* 47 R. I. 304—and that if the court should become convinced at any stage of the proceedings that it was without jurisdiction, it ought to dismiss the proceeding—*Gorman* v. *Stillman,* 25 R. I. 55—but we are not aware that this court has ever held that the question may be repeatedly raised and argued to the same court. Certainly it has not done so in *American Electrical Works* v. *Devaney, supra.* In supposing that it had, the defendant has apparently misunderstood the opinion in that case. That opinion clearly holds that a defendant, after his plea to the jurisdiction has been overruled and an exception has been taken thereto, may, under our practice, proceed to a trial on the merits without thereby waiving his right to raise the question of jurisdiction in this court on appeal properly taken after final decision.

The defendant in the instant case had the right, under the exception which it had taken to the overruling of its plea in abatement, to raise the question of jurisdiction in this court. Even after a decision by the trial justice in its favor, it still had that right, if it cared to avail itself of it, to bring the question here by prosecuting such exception. Indeed, if it did not wish to waive that right, it was its duty to prosecute such exception. *Union Fabrics Corp.* v. *Tillinghast-Stiles,* 58 R. I. 190. Unfortunately for the defendant it has not prosecuted such exception, and there is no way

in which this court can now pass upon the correctness of the ruling of the justice of the superior court on defendant's plea in abatement.

The situation of the defendant in this respect is somewhat like that of the respondents in *The Church Suits,* 49 R. I. 269, 274. In that case the respondents had demurred to complainants' bill on several grounds, one of which was lack of jurisdiction in the superior court. The superior court overruled its demurrer on that ground but sustained it on several other grounds. Complainants appealed to this court. The respondents did not appeal but, nevertheless, they sought, in this court, by filing a motion to dismiss for lack of jurisdiction, to raise the same issue for determination in this court which had been raised and decided in the superior court. In support of such motion, they contended, as defendant here contends, that the question of jurisdiction was always open and that it was the duty of the court to decide such a question whenever it was raised.

This court rejected such contention as thus broadly stated and said: "While we have said that a question of jurisdiction ought to be raised as soon as possible and may be raised at any time, *David* v. *David,* 47 R. I. 304, the same question may not be raised and argued repeatedly. When the court's jurisdiction has been attacked in the trial court, and the court has held that it has jurisdiction, the holding stands unless reversed by some form of appellate procedure properly presenting the question to this court for review." In the instant case, since the defendant has not prosecuted his exception to this court, we are compelled to hold that the ruling on the plea in abatement is not before us. For the reasons stated, it was error for the trial justice to entertain and decide defendant's motion to dismiss for want of jurisdiction.

The plaintiff's exception to such ruling is, therefore, sus-

tained, and the case is remitted to the superior court for a new trial on the merits.

*Harold S. Moskol,* for plaintiff.

*Bernard B. Abedon,* for defendant.