MARY DEXTER PAYNE *et al. vs.* THE SUPERIOR COURT FOR
THE COUNTY OF PROVIDENCE.

APRIL 20, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a petition for certiorari to review the action of a justice of the superior court in ordering petitioners to be added as parties respondent in the suit

of City of Providence v. John H. Nolan, Attorney General, Equity No. 19527, after the trial justice had heard the case but before he had rendered a decision, and after another justice of that court had previously ruled that the attorney general was the only necessary and proper party respondent.

Petitioners claim that the second justice was without jurisdiction or that he exceeded his jurisdiction substantially on the grounds that the ruling of the first justice rendered the question of additional parties either res judicata or that it had established the law of the case; and also that the city, having opposed the intervention of additional parties respondent, was estopped from taking a contrary position in the same suit and asserting a wholly inconsistent contention. They also urge that by being compelled to defend the suit after it had been fully heard they would be placed at a grave disadvantage and in effect would be denied equal and impartial justice. In view of petitioners' claim coupled with the peculiar circumstances which gave rise to the city's reversal of its position in the premises we granted certiorari.

In response to the mandate of the writ the clerk of the superior court has duly made return here of all the records of the proceedings in the cause. It appears from such return that on November 13, 1947 the city of Providence, as trustee under the will of Ebenezer Knight Dexter, brought a bill in equity for the administration of the trust *cy pres* on the ground that it had become impracticable to carry it out in the particular manner prescribed by the testator. Relying upon its claim that this court in the case of *City of Providence* v. *Payne,* 47 R. I. 444, had found that in setting up the trust the testator had evinced a general charitable intent and that the trust was a public charity, the city brought its bill solely against the attorney general of the state as the only necessary and proper respondent in a suit for administration of a public charity *cy pres.* However, soon after the bill was filed in the superior court it became evident that other persons claiming a contingent

interest in the event of failure of the trust were of a contrary mind.

On December 2, 1947 a group of such persons, not however including the petitioners in the case at bar, alleging themselves to be lineal descendants of Ebenezer Knight Dexter and claiming an interest in the city's suit which they should be allowed to litigate therein, petitioned the superior court for permission to intervene as parties respondent in their own behalf and in behalf of all others who might have an interest. Their petition was duly heard and denied by a justice of that court. He held substantially that the trust was a public charity; that this court had so found in *City of Providence* v. *Payne, supra,* and had indicated that the doctrine of *cy pres* was applicable thereto; that in a suit for the application of that doctrine the attorney general acting on behalf of the state, that is, the public, was the only necessary and proper party respondent; and therefore that the petitioners before him had no right to come in and assert their alleged rights in the pending suit but must be left to their own remedies.

A decree denying and dismissing their petition was entered on January 7, 1948. No appeal was taken therefrom and thereafter the cause was fully heard on bill, answer and oral proof before another justice of the superior court. On January 30, 1950 at the conclusion of the evidence before him he reserved decision and held the case for further consideration. In the meantime the city had become a defendant in a civil action brought by the instant petitioners in the federal district court concerning the same subject matter.

On October 21, 1948 the instant petitioners, being nonresidents and having learned of the city's suit in the superior court and the first decision therein, that the only necessary and proper party respondent in such suit was the attorney general, brought a civil action against the city and others in the United States district court for the district of Rhode Island, hereinafter called the district court. In such action

they alleged that they were the sole heirs of Ebenezer Knight Dexter; that the trust under his will had failed; that the trustee has so acknowledged by its suit in the superior court in which it seeks permission to sell the land which constituted the corpus of the trust; and that therefore there arose a resulting trust to them of such land and that the city should be compelled to convey to them. The city moved to dismiss the action on the ground that the decision of this court in *City of Providence* v. *Payne, supra,* had settled the construction of the testamentary trust as a public charity to which the *cy pres* doctrine could be applied by the superior court where a suit for such purpose was then pending. The district court agreed with such contention and dismissed petitioners' complaint.

Petitioners appealed to the United States court of appeals for the first circuit and on June 19, 1950 said court reversed the district court and ordered it to proceed to adjudicate petitioners' claims. *Payne* v. *City of Providence,* 182 F.2d 888. But in its opinion that court observed that "the entwining of the issue here with that of cy pres (the latter belonging to the state court) suggests that integrated judicial action might, initially at least, have been desirable." Apparently in line with that observation it then went on to say: "This does not mean that should circumstances hereafter develop suggesting a welcome for these plaintiffs in the state court litigation and an opportunity there for the definite adjudication of their claims, the district court may not then have discretion to act. Unless or until such development occurs, the district court must proceed to adjudication without reference to the state action which, as presently proceeding, cannot bind these plaintiffs."

In coming to its conclusion the court of appeals disagreed with the city's interpretation of this court's opinion in *City of Providence* v. *Payne,* 47 R. I. 444, namely, that the court had found that the testator had a general charitable intent. It construed the language of the opinion with reference to the nature of the trust and the application

of the doctrine of *cy pres* thereto as merely dicta and that this court decided only the questions propounded in the bill, namely, whether the city as trustee had the power to sell or lease the land under certain conditions specifically stated and also to remove a portion of the wall around the land.

Whether the testator had such a general charitable intent is the issue which must be determined before there can be any application of the *cy pres* doctrine. If the controversy were to proceed in the district court that court would have to determine that question itself since the court of appeals has now held that it cannot rely on *City of Providence* v. *Payne, supra,* as an adjudication of that issue. On the other hand if the petitioners can be welcomed into the pending suit in the superior court with the opportunity to litigate their claims with definiteness and completeness, as stated in the opinion of the court of appeals, the ultimate decision as to whether or not the testator evinced a general charitable intent will rest with this court where it more appropriately belongs.

Acting upon its understanding of the opinion of the court of appeals the city hastened to obtain from the superior court a welcome for the petitioners in the pending suit in that court, notwithstanding that theretofore it had contended that the question of whether the testator had a general charitable intent was not in issue therein and that the attorney general was the only necessary party respondent. In the changed circumstances resulting from the decision of the court of appeals, however, the city was confronted with a dilemma. Either it must contest in the district court petitioners' contentions that the testator did not have a general charitable intent which is a necessary prerequisite to the application of the doctrine of *cy pres* to the trust or it must accede to those contentions being adjudicated in its suit in the superior court. Apparently preferring to have "integrated judicial action," to use the expression of the court of appeals, in the courts

of this state rather than piecemeal determination in the federal and state courts, it chose to formally request a welcome for the petitioners in the state court.

On July 21, 1950 the city, *ex parte* and without notice to the petitioners, filed a petition in the superior court to reopen the pending equity suit and permit Mary Dexter Payne and George R. Payne to defend the same as parties respondent. On the same day the justice of the superior court, who was holding the case for decision, heard such petition *ex parte* and granted it. Thereupon a decree was duly entered reopening the case and providing that such new parties respondent may appear and answer or demur within twenty days from service upon them of a certified copy of the decree. Instead of appearing after such service, they filed the instant petition for certiorari to have this court quash such decree as illegal on the grounds hereinbefore stated.

Petitioners assume that the case here presented is the familiar one where, after one judge has decided an interlocutory matter in a pending suit, the same question is again presented in the identical manner to another judge of the same court and he declines to follow the decision or ruling of the first judge. They contend that in such a case the second justice acts without jurisdiction or in excess of it, because the decision of the first justice has settled the question in that court under either the doctrine of res judicata or the law of the case. Accepting for the time being petitioners' assumption, we do not think that the decision of the first justice is res judicata in its true sense except in cases like *Colaluca* v. *Firstenberg Bottlers' Supplies, Inc.*, 65 R. I. 39, where a question of jurisdiction over the person of the defendant having been decided once it was held that such a question could not thereafter be raised again in the same court. If there is any merit in the petitioners' position it must therefore rest, in our opinion, on the so-called law of the case doctrine.

There is a sharp diversity of judicial opinion in this

country as to whether that doctrine is applicable to a prior decision or ruling on an interlocutory matter. Except in cases involving the exercise of discretion by the first judge, the weight seems to be in favor of the view that the second justice is free to decide the question according to his own conception of the applicable law without regard to the decision of the first justice. *Peterson* v. *Hopson,* 306 Mass. 597. 132 A.L.R. note p. 14. There is, however, respectable authority to the contrary. Each view concedes that in extraordinary instances exceptions may be made.

We adhere to the latter view and especially so in cases involving the exercise of discretion by the first justice. *Rhode Island Co.* v. *Superior Court,* 42 R. I. 5. Where a pure question of law is involved, ordinarily the second justice should not, if the same question is presented to him in the same manner, review the action of the first justice. However, he is not bound to follow the reasons given by the first justice for his decision if the question again arises in a different manner during the trial. *Shepard Land Co.* v. *Banigan,* 36 R. I. 1. It is the first justice's *action* that is the law of the case and that should not be disturbed; not his *conception of the law* that induced him to act. In the *Shepard Land Co.* case this court said that the justice's decision sustaining a demurrer to a replication removed from the case the issue raised by such replication, but his reason for so doing, namely, his interpretation of the lease involved, did not become the law of the case to be applied to other issues remaining to be tried.

This doctrine of the law of the case, as was said above, admits of exceptions and therefore does not have the finality of the doctrine of res judicata. It is a flexible rule; one more in the nature of a rule of policy and convenience. *Reamer's Estate,* 331 Pa. 117. Nevertheless it is one that generally ought to be adhered to for the principal reason that it is designed to promote the stability of decisions of judges of the same court and to avoid un-

seemly contests and differences that otherwise might arise among them to the detriment of public confidence in the judicial function. In *Peterson* v. *Hopson, supra,* where the power was recognized as occasionally exercisable the court observed: "A judge should hesitate to undo his own work. * * * Still more should he hesitate to undo the work of another judge." But the rule may be waived by reason of the importance of the issue involved to the ultimate disposition of the case. *Hedding* v. *Gallagher,* 72 N. H. 377. A clear alteration of the circumstances since the first decision of the question may also make it advisable that the second justice should be permitted to pass upon it in the light of the changed conditions. 132 A.L.R. note p. 49. We subscribe to the doctrine of the law of the case as thus qualified and recognize its applicability to the interlocutory decisions and rulings of the justices of our superior court.

Still assuming that the two decisions in question here appertained to the same issue and that the decision of the first justice was interlocutory and therefore within the doctrine of the law of the case, we are nevertheless of the opinion that the second justice of the superior court did not exceed his jurisdiction in granting the city's petition making these petitioners additional parties respondent. Our reasons for this conclusion are: first, because of the importance to the final and complete disposition of the city's case of the question which petitioners by their claims are seeking to adjudicate; and second, because of the radically changed status of the city litigiously since the adverse decision of the court of appeals which in effect compelled the city to litigate a question that is at the very basis of its right to seek *cy pres* which right, prior to such decision, the city assumed had been settled in its favor by this court.

There can be no doubt of the importance of the petitioners' presence in the pending suit in the superior court now that such litigation has been given a wholly altered aspect

by the decision of the court of appeals. By virtue of that decision, unless petitioners are made respondents in the city's suit in the state court the basic controversy over this testamentary trust will have to be decided in the suit now pending in the district court. In our opinion such a result is wholly undesirable. If there is any doubt concerning the proper construction of a will within the jurisdiction of this court it should be settled here. In the light, therefore, of the ultimate importance of the question raised by the petitioners to the case pending in the superior court and also because of the altered circumstances since the first justice's decision on such question, we think that the second justice quite properly entertained the city's petition and did not err in granting it.

In our opinion there is a further and it may well be a stronger reason for the above conclusion. The petition to intervene which the first justice denied was not, we think, the same as the city's petition to allow these petitioners to be made parties. Those who were denied the right to intervene by the first justice were not the same persons which the city asked the second justice to admit as parties. The petition before the first justice was brought under a claim of right by virtue of general laws 1938, chapter 528, §12, and was not addressed to his discretion. His decision thereon was based rather on a pure question of law and therefore was not an exercise of his discretion.

On the contrary the city's petition was not brought under any claim of right but was addressed to the second justice's discretion either on general principles of equity procedure or perhaps by virtue of the discretion vested in the superior court by G. L. 1938, chap. 518, §3. *Mockel* v. *Pawtucket Gas Co. of New Jersey,* 48 R. I. 485; *National Exchange Bank* v. *Galvin,* 20 R. I. 159. The action of the first justice which was unappealed resulted in barring from the pending suit the persons who had petitioned to intervene. The second justice was not called upon to pass on such action by the city's petition to reopen the case and add parties

respondent. The reason which the first justice gave for his action, it is true, was not followed by the second justice in exercising his discretion concerning the different petition before him. But, as we have seen, the reasons underlying a justice's decision do not become thereafter the law of the case. *Shepard Land Co.* v. *Banigan, supra.* In the light of these marked differences inherent in the two proceedings it cannot fairly be said, in our opinion, that the second justice reviewed the action of the first justice on the same question raised in the identical manner in the same case, and therefore the doctrine of the law of the case does not apply.

Petitioners make a further point that the city is estopped from changing its position. They argue that the city having contended the attorney general was the only necessary and proper party respondent and having obtained the decision of the superior court to that effect, it could not turn about and urge that petitioners be made additional parties respondent. And they emphasize that this was especially so in view of the fact that, relying on the decision of the first justice, they had been put to the trouble and expense of commencing suit to enforce their claims in the district court and to the further expense of an appeal in the court of appeals. On the showing made we are unable to find sufficient ground for an estoppel. Petitioners will be under no greater burden in pressing their claims in the superior court than they would be in the district court. Indeed they will gain a distinct advantage by having judicial action integrated in the state courts.

Under the provisions of the superior court's decree they will not be prejudiced in any way by the proceedings hereinbefore had in that court and they will have as full and ample an opportunity to answer or demur to the city's bill of complaint as if they had been parties from the commencement of the suit. They will, therefore, be afforded therein an opportunity, if they so desire, to cross-examine the witnesses who have previously testified therein, to the

end that they may obtain equal and impartial justice. And of course it is understood that they must be permitted to present such contentions in support of their claims as fully as they could under their pending civil action in the district court. While in this certiorari proceeding we cannot make an order to that effect, we assume that the superior court will act in accordance with the above understanding and will also fix a new time within which petitioners may answer or demur to the bill of complaint.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records and papers which have been certified to this court are ordered sent back to the superior court with our decision endorsed thereon.

### On Motion for Reargument.
#### JULY 20, 1951.

Per Curiam. After our decision in the above case the petitioners asked and received permission to file a motion for reargument. Pursuant to this permission they have filed such a motion, setting out therein certain reasons on which they base their contention that justice requires a reargument of the case. We have carefully considered those reasons and we are of the opinion that they are without merit.

Motion denied.