Guido R. SALVADORE

v.

MAJOR ELECTRIC & SUPPLY, INC.
et al.

No. 80–487–Appeal.

Supreme Court of Rhode Island.

Nov. 9, 1983.

**354**

William T. Murphy and Albert K. Antonio, Murphy, Mullen & Jarret, Stephen P. Nugent, Providence, Maurice W. Hendel, Pawtucket, for plaintiff.

John C. Peterson and Peter S. Haydon, Higgins, Cavanagh & Cooney, Providence, for defendants.

Before BEVILACQUA, C.J., and KELLEHER, WEISBERGER, MURRAY and SHEA, JJ.

OPINION

SHEA, Justice.

This is an appeal from the denial of a motion to vacate judgments entered in Superior Court. The judgments were entered in response to motions filed under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. During the consideration of these motions, they were converted into motions for summary judgment. We reverse.

The plaintiff is Guido R. Salvadore. The defendants are Major Electric & Supply, Inc.; Contractor's Supply, Inc.; Harry Leven; Manuel E. Azevedo; J. Joseph Nugent; and J. Joseph Nugent, Jr.

On June 13, 1979, plaintiff brought an action against defendants, alleging malicious prosecution and civil conspiracy. Salvadore's allegations stemmed from the filing of four civil suits against him, three of which had terminated in his favor. The remaining action was still pending at the time this suit was filed. He alleged that as a result of these four fraud actions, he was indicted by a federal grand jury.

On September 19, 1979, plaintiff served defendant J. Joseph Nugent, Jr., with a notice of deposition and later a subpoena duces tecum. The defendants moved for a protective order, to which motion plaintiff objected. On October 5, 1979, defendants Major Electric and Leven moved to dismiss on several grounds, one being that the complaint failed to state a claim upon which relief could be granted. The plaintiff filed an objection to the motions to dismiss and moved for a continuance.

The motions were heard by the trial justice on October 10, 1979. He entered an order denying, without prejudice, defendants' motion for a protective order. He continued *nisi* the motion to dismiss until a date subsequent to the deposition of J. Joseph Nugent, Jr.

The plaintiff was then permitted to amend his complaint by adding as an element of special damages the fact that criminal indictments had been returned against

him. Also he added allegations that defendants Nugent "acted in concert" with their clients in bringing the "wholly baseless" civil actions against Salvadore. After amending the complaint, plaintiff filed a new notice to take defendant Nugent, Jr.'s deposition. The deposition began on June 5, 1980, but was continued to July 16, 1980, because of Nugent, Jr.'s refusal to answer questions or to allow inspection of documents.

On June 25, 1980, defendants Contractor's Supply, Azevedo, Nugent, and Nugent, Jr., moved to dismiss for reasons identical to those stated in Major Electric and Leven's previous motion, which had already been continued *nisi* by the trial justice pending completion of the deposition. The plaintiff objected on grounds that the new motion contravened the trial justice's order of October 23, 1979. He advised the court that upon receipt of the transcript of the interrupted deposition, appropriate motions to compel more responsive answers would be filed.

A hearing on the second Rule 12(b)(6) motion to dismiss was held before a second trial justice on July 9, 1980. After counsel for both sides had been heard, the court asked, "Was the original litigation settled?" Then the following colloquy took place:

> "THE COURT: If you prove to the court that the litigations were settled, I will grant the motion to dismiss.
> "MR. NUGENT: By affidavit or * * *
> "THE COURT: I will just take judicial notice of the file, that's all."

The next day, in chambers, without notice to plaintiff or his counsel, an affidavit of Nugent, Jr.'s was submitted to the second trial justice. In it he asserted that as attorney for plaintiffs Contractor's Supply, Inc., and Azevedo in Superior Court C.A. No. 72–1132 and for plaintiff Azevedo in U.S. District Court C.A. No. 5108, he could state that both cases terminated in settlements prior to trial. Either Nugent, Jr., or his attorney then elaborated on the circumstances surrounding the settlements. The court then entered an order granting the motion to dismiss, and a copy was forwarded along with a cover letter to plaintiff's counsel. Salvadore promptly moved to have the judgments vacated and filed an affidavit in support of his motion. In that affidavit, Salvadore alleged that three of the actions brought against him had, in fact, been terminated in his favor, that he had not "settled" the cases, and that he had not contributed funds toward settlement of those cases. He conceded that the fourth case, *Major Electric & Supply, Inc. v. Salvadore,* Superior Court C.A. No. 76–3850, was still pending.

On July 16, 1980, defendants Major Electric and Leven filed a new motion to dismiss identical to the one that had been ordered continued *nisi* pending completion of the deposition. They added, as an additional ground, the dismissal of the action against the other defendants on July 10, 1980. At a hearing on July 23, 1980, Salvadore argued that the order of July 10, 1980, granting dismissal was premature, that it was contrary to the prior order of the first trial justice, and that there were questions of fact for the jury. The court ruled, however, "that the motion for *summary judgment* is granted in this matter." (Emphasis added.) The justice then ordered the dismissal of the action against defendants Major Electric and Leven because "there is no justification to bring the suits * * *."

An order was entered granting Major Electric and Leven's motion to dismiss, denying plaintiff's motion to vacate the judgment entered, and ordering "that the plaintiff take nothing" and that "the action be dismissed on the merits with prejudice." The plaintiff appeals.

■ The plaintiff argues that the second trial justice erred in considering and granting defendants' motions because the law of the case had been established by the first trial justice's prior order. This court long ago adopted the "law of the case" doctrine. *Payne v. Superior Court,* 78 R.I. 177, 80 A.2d 159, *reh'g denied,* 78 R.I. 188, 82 A.2d 167 (1951). That doctrine states that ordi-

narily, after a judge has decided an interlocutory matter in a pending suit, a second judge, confronted at a later stage of the suit with the same question in the identical manner, should refrain from disturbing the first ruling. *State v. Infantolino,* 116 R.I. 303, 310, 355 A.2d 722, 726 (1976); *Rhode Island Ophthalmological Society v. Cannon,* 113 R.I. 16, 20, 317 A.2d 124, 126–27 (1974); *Goldstein v. Rhode Island Hospital Trust National Bank,* 110 R.I. 580, 588, 296 A.2d 112, 116 (1972); *Columbus Ornamental Iron Works, Inc. v. Martin,* 103 R.I. 620, 622, 240 A.2d 405, 406 (1968); *Payne v. Superior Court,* 78 R.I. at 184, 80 A.2d at 163.

■ This doctrine does not have the finality of the doctrine of res judicata. It is more in the nature of a rule of policy and convenience. *North American Planning Corp. v. Guido,* 110 R.I. 22, 24, 289 A.2d 423, 424 (1972); *Payne v. Superior Court,* 78 R.I. at 184, 80 A.2d at 163. "Nevertheless it is one that generally ought to be adhered to for the principal reason that it is designed to promote the stability of decisions of judges of the same court and to avoid unseemly contests and differences that otherwise might arise among them to the detriment of public confidence in the judicial function." *Id.* at 184–85, 80 A.2d at 163.

We held in *Columbus Ornamental Iron Works, Inc. v. Martin,* 103 R.I. at 622, 240 A.2d at 406, that the "law of the case" doctrine is violated when a justice of the Superior Court grants a defendant's motion for summary judgment at a pretrial conference where the same motion had previously been denied by another justice of the same court. We reached the same conclusion in *Goldstein v. Rhode Island Hospital Trust National Bank,* 110 R.I. at 587–88, 296 A.2d at 116, where the second trial justice granted a defendant's Rule 12(b)(6) motion even though the count before him was identical to the one considered earlier and on which a Rule 12(b)(6) motion had been denied.

■ In the present case, the first trial justice entered an order that

"the motion to dismiss is hereby continued nisi and shall be reassigned to a date certain subsequent to the deposition of Joseph Nugent, Jr."

Nevertheless, four of the defendants later filed an identical Rule 12(b)(6) motion that was considered and granted by the second justice. This filing was improper, as was the granting of these identical motions. The earlier order deferring action on the motion should have been complied with. The "law of the case" principle barred the granting of the later identical motions. Although there is an exception that allows the second motion when the defendant introduces material that significantly extends the record, this is not such a case. *State v. Infantolino,* 116 R.I. at 311, 355 A.2d at 726.

■ Furthermore, when the second trial justice considered the affidavit of Nugent, Jr., and the description of the circumstances of the settlements, he converted the Rule 12(b)(6) motion to motions for summary judgment under Rule 56. *Ewing v. Frank,* 103 R.I. 96, 234 A.2d 840 (1967). He also considered the files of Superior Court C.A. No. 72–1131 and No. 72–1132, which were matters outside the record of the case before him. That being the case, "the adverse party must be given an opportunity to respond pursuant to Rule 56(c)." 1 Kent, *R.I.Civ.Prac.* § 12.12 at 118 (1969). The plaintiff was entitled to ten days' notice to respond. He was given no such opportunity. The failure to comply with the ten-day-notice requirement was reversible error. *Enochs v. Sisson,* 301 F.2d 125, 126 (5th Cir.1962); *Bowdidge v. Lehman,* 252 F.2d 366, 368–69 (6th Cir.1958). It is clear that in deciding that the prior cases were "settled," the trial justice was deciding questions of fact, which he is not permitted to do in ruling on a motion for summary judgment. *Hamrick v. Hospital Services Corp.,* 110 R.I. 634, 640, 296 A.2d 15, 19 (1972); *Slefkin v. Tarkomian,* 103 R.I. 495, 496, 238 A.2d 742, 743 (1968). The motions of Major Electric and Leven were identical, and the granting of them was error for the same reasons.

■ Even if the motions of Major Electric and Leven are considered on their merits under Rule 12(b)(6) only, we conclude that they should not have been granted. To grant such a motion, the trial justice must find "beyond a reasonable doubt that the plaintiff will be unable to prove his right to relief * * * that is to say, unless it appears to a certainty that he will not be entitled to relief under any set of facts which might be proved in support of his claim." *Bragg v. Warwick Shoppers World, Inc.,* 102 R.I. 8, 12, 227 A.2d 582, 584 (1967). In a claim for malicious prosecution based on a prior civil action, the plaintiff must allege that the prior proceeding was instituted maliciously and without probable cause, that it had terminated unsuccessfully for the plaintiff therein, and that as a result plaintiff had suffered special injury. *Nagy v. McBurney,* 120 R.I. 925, 929, 392 A.2d 365, 367 (1978); *Ring v. Ring,* 102 R.I. 112, 114–15, 228 A.2d 582, 584 (1967). If there is any doubt about the sufficiency of the complaint, we construe it " 'in the light most favorable to the plaintiff with all doubts resolved in his favor and the allegations accepted as true.' " *Bragg,* 102 R.I. at 12, 227 A.2d at 584.

■ As we read the amended complaint, we conclude that it was legally sufficient to withstand a motion to dismiss under Rule 12(b)(6). The plaintiff alleged that each prior proceeding was instituted maliciously and without probable cause and that three of the prior proceedings resulted in judgments, not settlements, in his favor. In Count II of his complaint, plaintiff alleges that the fourth proceeding, Superior Court C.A. No. 76–3850, was still pending at the time the amended complaint was filed. Although this would justify dismissal of Count II of the amended complaint, it does not justify dismissal of the entire complaint. *Mainelli v. Providence Journal Co.,* 201 F.Supp. 7, 9 (D.R.I.1961); 1 Kent, *R.I. Civ.Prac.* § 12.9 at 115 (1969).

■ The defendants argue that the amended complaint failed to allege the necessary special damages to support this type of action. The plaintiff specifically alleged that the prior proceedings resulted in the issuance of a criminal indictment against him. In view of this, it does not seem likely that the trial justice could find, beyond a reasonable doubt, that plaintiff would be unable to support his claim. The allegation of a preferment of a criminal indictment against an individual does appear to constitute the kind of special injury contemplated in *Ring v. Ring,* 102 R.I. at 116, 228 A.2d at 584–85. It was therefore error to grant the motion to dismiss under Rule 12(b)(6).

■ Next, defendants argue that this action was barred by the statute of limitations. They contend that plaintiff's cause of action accrued when the bench decision was rendered rather than later when the actual judgment was entered. However, it was firmly established in the very case defendants have cited, *Foster v. Denison,* 19 R.I. 351, 352, 36 A. 93, 93 (1896), that a cause of action for malicious prosecution accrues on the date of entry of judgment in the action claimed to have been malicious. The date a judgment was entered is controlling for purposes of determining any period such as time for appeal or the commencement of the period of limitations. This complaint was filed within three years of the date judgment was entered. The defendants also contend that plaintiff's amended complaint asserts a new transaction or occurrence and thus is time barred. This contention also is without merit because Super.R.Civ.P. 15(c) specifically provides that amendments relate back to the original pleading.

■ Finally, the defendants Nugent argue that they cannot be sued for malicious prosecution because they were merely agents acting for disclosed principals. Since the defendants did not raise this issue before the trial court, it is not before us for consideration.

For these reasons, the plaintiff's appeal is sustained, the judgments entered below are vacated, and the cases are remanded to the Superior Court for further proceedings.