Luis TAVEIRA,

v.

Anthony SOLOMON et al.

No. 85–351–Appeal.

Supreme Court of Rhode Island.

July 27, 1987.

---

James Murray, Pawtucket, for plaintiff.

James E. O'Neil, Atty. Gen., Robin Feder, Asst. Atty. Gen., Eugene F. Toro (Toro Law Associates, Inc.), Providence, for defendant.

## OPINION

FAY, Chief Justice.

This is an appeal by the plaintiff from a Superior Court order dismissing the plaintiff's claim for compensation under the Rhode Island Criminal Injuries Compensation Act of 1972, G.L. 1956 (1969 Reenactment) chapter 25 of title 12, as assigned by P.L. 1972, ch. 254, § 1,[1] since that claim had not been "commenced" within two years of the date of the personal injury as required under § 12–25–6.[2] The plaintiff, Luis Taveira (Taveira), was assaulted and severely injured on June 4, 1978. On or about February 7, 1980, Taveira sought compensation for his injuries under the Criminal Injuries Compensation Act by mailing a summons and complaint to the sheriff's office in Providence County. It appears that process either was never received by the sheriff's office or was lost therein. The plaintiff's attorney contacted the sheriff's office in early April 1980, in order to ascertain why he had received no return of service of process. He again contacted the sheriff's office on September 30 and November 6, 1980, and on May 13, 1981, asking why he had received no return of service. On May 13, 1981, he was told

---

1. The act was originally assigned as chapter 24 of the General Laws. However, since there is already a chapter 24, it is renumbered chapter 25.

2. The original application for compensation was mailed to the sheriff's office for service in February 1980. The relevant statute in effect at that time was G.L. 1956 (1969 Reenactment) § 12–25–6, as assigned by P.L. 1972, ch. 254, § 1, which states in part:
 "Limitations upon awarding compensation. —(a) No order for the payment of compensation shall be made under § 12–25–3 unless the application has been made within two (2) years after the date of the personal injury or death."
That application was either lost or never received by the sheriff's office. On May 13, 1981, a second mailing was made and the complaint and summons were eventually served and filed with the court in late May 1981.
 During the interim period, § 12–25–6 was amended by P.L. 1980, ch. 116, § 1, and now appears in relevant part as follows:

 "Limitations upon awarding compensation. —(a) Actions for compensation under this chapter shall be commenced within two (2) years after the date of the personal injury or death; and no compensation shall be awarded for an injury or death resulting from a crime which was not reported to the appropriate law enforcement authority within ten (10) days of its occurrence."
 The parties, in the court below and on appeal to this court, addressed only the amended version of the statute. We have analyzed the issues in this case, as presented by the parties, based upon the amended version of the statute since under either version of the statute the application for, or the commencement of, an action for compensation must be properly initiated in accordance with Rule 3 of the Superior Court Rules of Civil Procedure. The requirement that the suit be initiated within two years after the date of injury was not amended and was in effect under both versions.

by the sheriff's office that there was no record of process in the office.

Replacements for the complaint and summons were drawn up by plaintiff and again mailed to the sheriff's office on May 13, 1981, and subsequently served on appellee on May 21, 1981; and on May 18, 1981, the summons and complaint were forwarded to the clerk of the Superior Court, along with the appropriate fee for filing with the court.

The defendant filed a motion for judgment on the pleadings, arguing that process was delivered to the sheriff's office in May 1981, served on defendant on May 21, 1981, and filed with the court clerk later in May 1981, all of which occurred beyond the two-year limitation period for "commencement" of an action pursuant to § 12–25–6.

The motion was heard before a justice of the Superior Court on January 26, 1983. Included in the evidence at that hearing was an affidavit presented by plaintiff setting forth the previously detailed facts concerning the original February 1980 mailing of process and the efforts made by plaintiff's attorney to ascertain the status of process. A copy of the attorney's work notes was also introduced that showed notations concerning the mailing of process and a record of the phone calls.

The justice denied the motion based upon his belief that the summons and complaint had been properly filed in February of 1980, such that the action had been "commenced" under § 12–25–6. The only question left before him then was whether due diligence had been exercised in serving process on defendant. The justice apparently found due diligence since he denied the motion.

After a number of continuances, the matter was ready for hearing. The parties appeared before a different justice of the Superior Court on plaintiff's claim for compensation. At that hearing, defendant made an oral motion to dismiss the case on the ground that the claim was not "commenced" within the two-year period as required by § 12–25–6.

The plaintiff argued, in objection to the motion, that this matter had been previously decided by another justice of the Superior Court and therefore, under the doctrine of the law of the case, the prior ruling should not be disturbed. Further, plaintiff contends that defendant did not give proper notice of the motion to plaintiff.

The justice felt the matter was one of jurisdiction and heard arguments of counsel. The court disagreed with plaintiff's argument that the "forwarding" (mailing) of the complaint and summons was sufficient to toll the statute of limitations. The only complaint and summons actually shown to be delivered, served, and filed with the court in this case was dated May 13, 1981. Those activities occurred beyond the two-year limitation period, and there was no showing that any delay was reasonable.

The plaintiff argues here on appeal that it constitutes reversible error for the trial justice to have disturbed the prior ruling of another Superior Court justice in the same case since that previous order constituted the law of the case. We disagree.

The law of the case doctrine "states that ordinarily, after a judge has decided an interlocutory matter in a pending suit, a second judge, confronted at a later stage of the suit with the same question in the identical manner, should refrain from disturbing the first ruling." *Salvadore v. Major Electric & Supply, Inc.*, 469 A.2d 353, 355–56 (R.I.1983). The doctrine, however,

"admits of exceptions and therefore does not have the finality of the doctrine of res judicata. It is a flexible rule; one more in the nature of a rule of policy and convenience. * * * Nevertheless it is one that generally ought to be adhered to for the principal reason that it is designed to promote the stability of decisions of judges of the same court and to avoid unseemly contests and differences that otherwise might arise among them to the detriment of public confidence in the judicial function. * * * [T]he rule may be waived by reason of the importance of the issue involved to the ultimate disposition of the case." *Payne v.*

*Superior Court,* 78 R.I. 177, 184–85, 80 A.2d 159, 163, *reh. denied,* 78 R.I. 188, 82 A.2d 167 (1951).

 The doctrine of the law of the case, while certainly a rule of practice generally to be followed, should not be used to perpetuate clear error flowing from an earlier erroneous ruling. *See* 1B *Moore's Federal Practice* ¶ 0.404 [1] at 123–24 (2d ed. 1984). "In sum, the doctrine of the law of the case as applied to successive prejudgments of the trial court, is not a rule to perpetuate error and does not require a court to enter an erroneous judgment because the logic of an earlier erroneous ruling would require it. It is merely a practice that protects the ability of the court to build to its final judgment by cumulative rulings, with reconsideration or review postponed until after the judgment is entered." *Id.* at 126; *see also* 18 Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction, § 4478 at 790 (1981)("Justice Holmes noted that law of the case doctrine 'merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power' "). "Most recent decisions suggest that the major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.*

 In the case at bar the justice's ruling on the motion for judgment on the pleadings accepted as law that the "forwarding" of process by mail was sufficient to "commence" the action within the two-year limitation period under § 12–25–6. This was clearly incorrect. Rule 3 of the Superior Court Rules of Civil Procedure specifically delineates the acceptable methods of "commencing" suit. Rule 3 states:

"Commencement of action.—A civil action is commenced (1) by filing a complaint with the court together with payment of the entry fee prescribed by law, or (2) by depositing the complaint with said fee in the mail addressed to the clerk, or (3) by delivery of a summons and complaint to an officer for service. When method (3) is used, the complaint shall be filed with the court within ten (10) days after the completion of service; but in any case where attachment of real or personal property or attachment on trustee process has been made, the complaint shall be filed not later than thirty (30) days after the first such attachment. If the complaint is not timely filed, the action may be dismissed on motion and notice, and in such case the court may, in its discretion, if it shall be of the opinion that the action was vexatiously commenced, tax a reasonable attorney's fee as costs in favor of the defendant, to be recovered of the plaintiff or his attorney."

Method 3 requires delivery of the summons and complaint to an officer for service. Obviously, under the statute, "delivery" and "mailing" are not synonymous. The trial justice correctly recognized this fact and, when presented with a motion to dismiss, granted the motion over plaintiff's objection on the ground that the prior ruling was the law of the case.

The action is fatally flawed. It would defy logic for this court, on review, to reverse the ruling of the trial justice on the ground that it violated the law of the case and to remand the case for hearing, only to subject the action to potential later reversal by this court on the basis of the same fatal procedural defects.

 The injury occurred in June of 1978. Delivery of process was first attempted by mailing in February of 1980. However, there is no evidence of delivery to the sheriff's office. When no return of service had been made, plaintiff inquired regarding the status of process and received information inconclusive at best concerning the status of process. Indeed, no evidence existed that would imply that delivery had been made. Clearly, the party selecting the method of commencing an action must bear the burden of the risks associated with that chosen method of transmission.

 Even if delivery were to be presumed, with no evidence or explanation on the record as to why service was not effectuated until almost a year after the period

for commencing an action had run, aside from the evidence that some phone calls were made in which little or no conclusive information was received concerning the status of process, the action should properly be dismissed for a failure to effectuate service within a reasonable time. *See Simmons v. State,* 462 A.2d 974, 975 (R.I. 1983)("[w]e have held that Super.R.Civ.P. 4 implicitly requires that service of process be effectuated 'within a reasonable time after a complaint has been filed, absent a showing by the plaintiff that such delay was excusable[ ]' *Caprio v. Fanning & Doorley Construction Co.,* 104 R.I. 197, 199–200, 243 A.2d 738, 740 (1968)").

In the interest of judicial efficiency and economy and due to the importance of the issue involved to the ultimate disposition of the case, the doctrine of the law of the case must, in this instance, be subordinated in order to avoid the unnecessary expenditure of time and expense that would be incurred in hearing a case destined to fail due to its inherent procedural deformities anyway.[3] To do otherwise would serve to diminish public confidence in the judicial system.

Accordingly, the plaintiff's appeal is denied and dismissed. The judgment entered by the trial justice dismissing the plaintiff's action is affirmed, and the papers in the case are remanded to Superior Court.

---

3. Likewise, we need not address the plaintiff's argument that the defendant had not given proper notice with respect to the defendant's oral motion to dismiss since, even if this constituted reversible error, the case on remand would fail due to its procedural defects.