### Andrew RICHARDSON et al.

### v.

### Z. Hershel SMITH et al.

### No. 94–739–Appeal.

Supreme Court of Rhode Island.

March 14, 1997.

---

Marty C. Marran, Cranston, for Plaintiff.

Jonathan Oster, Lincoln, Z. Hershel Smith, Providence, pro se, for Defendant.

## OPINION

FLANDERS, Justice.

In the middle of trial and without any motion or other prompting from the parties or their counsel, a Superior Court justice vacated a prior consent order assigning this case for trial and reinstated the parties' abandoned settlement agreement over the objection of one of the parties to the consent order. Because we conclude that in this instance the trial justice should have left well enough alone, we vacate the judgment and remand this case for trial.

### Facts

The defendants, Z. Hershel Smith and Sanford Mills, d.b.a. Sandy Industries, were apparently in the business of placing and servicing coin-operated washers and dryers at various locations throughout Rhode Island. In September 1988, defendants began to lease storage space from Andrew and Bruce Jeremiah, d.b.a. Silver Spring Center. During the lease, defendants stored several hundred washing machines and dryers at plaintiffs' Silver Spring Center.[1] But less than two years into this arrangement, plaintiffs filed a complaint in District Court to evict defendants from the premises. They also

---

1. Throughout this opinion our reference to plaintiffs includes the two bankruptcy trustees who were substituted as parties plaintiff while the Jeremiahs were in bankruptcy. First, Matthew McGowan substituted as a party-plaintiff while he served as trustee from June 1989 until the first bankruptcy proceeding ended in July 1991. Second, in response to the filing of another bankruptcy petition, we issued an order on February 9, 1996 substituting bankruptcy trustee Andrew Richardson as party-plaintiff. We have amended our case caption to reflect this change.

sought to recover nearly $10,000 in unpaid rent and other related expenses. In February 1994 the District Court entered judgment for plaintiffs but for possession only. The plaintiffs then appealed to the Superior Court for a trial *de novo*.

Before trial, a Superior Court justice conferred with the parties to see if they might be amenable to settling their dispute. This effort produced a settlement agreement pursuant to which defendants agreed to remit to plaintiffs $3,250. Of this total, $500 was to be paid forthwith, and the remainder was to be paid in twelve equal installments. In addition the settlement also provided that defendants would dismiss an unrelated legal action against another entity controlled by plaintiffs. On or about April 29, 1994, a Superior Court justice entered an order approving the parties' settlement agreement and dismissing this action with prejudice.

However, no sooner had the settlement/dismissal order entered than defendants failed to fulfill their obligations. Alleging that defendants had in effect procured the settlement by fraud and with no intention of abiding by its terms, plaintiffs moved to vacate the settlement/dismissal order and sought to have this matter reinstated on the trial calendar. Both parties came before another Superior Court justice sitting on the motion calendar and agreed that the settlement/dismissal order should be vacated. Subsequently, on August 5, 1994, the motion justice issued an order stating that "upon the agreement of the parties * * * [t]he stipulations for dismissal entered on or about April 29, 1994 are vacated, and these matters are * * * hereby assigned with priority to the trial calendar."

On October 11, 1994, this case proceeded to trial before yet another Superior Court justice. After the midday recess on the first day of trial, the justice summoned both attorneys into his chambers to explain to him how this case, having been previously dismissed with prejudice by the settlement/dismissal order, was now being tried before him. After consulting further with the parties and with the other Superior Court justices who had entered the prior settlement/dismissal and trial-assignment orders, the trial justice called a halt to the proceedings, vacated the August 5 trial-assignment order, and then, on November 23, 1994, entered a judgment for plaintiffs that was essentially consistent with the original settlement/dismissal order.

On appeal, plaintiffs argue that the trial justice exceeded his authority when he overturned the August 5 trial-assignment order *sua sponte* without obtaining plaintiffs' consent. The plaintiffs ask us to vacate the judgment that was entered so that this case can be tried on its merits as had been previously ordered with all parties' consent. We are therefore faced with the question of whether the trial justice properly vacated a previous consent order entered by another justice of the Superior Court without having obtained both parties' consent to do so.

### Analysis

There is no question that the parties' settlement/dismissal agreement was entered as an order of the court with the consent of both parties. But after a motion had been filed by plaintiffs requesting that the order be vacated and that the case be reinstated to the trial calendar, the parties stipulated, and another Superior Court justice agreed, that this settlement/dismissal order would be vacated and that this case would instead proceed to trial.[2] Neither party questions the validity of these two orders, but the November judgment is another matter.

---

**2.** Given the pendency of the motion to vacate the previous settlement/dismissal order on the grounds of fraud, there can be no question but that the motion justice had jurisdiction to enter the August 5 trial-assignment order. Although defendants did not admit that they had committed fraud, they conceded that they had failed to fulfill the terms of the settlement/dismissal order. Thus, defendants were in agreement with plaintiffs that the order should be vacated and that a counsel fee should be paid to plaintiffs for their trouble in having to undo the settlement and proceed to trial. The agreement embodied in the order that was entered on August 5, 1994, also complies with Rule 1.4 of the Superior Court Rules of Practice. This rule states, "All agreements of parties or attorneys touching the business of the court shall be in writing, *unless* orally made or *assented to by them in the presence of the court when disposing of such business,* or they will be considered of no validity." (Emphases added.) *Id.*

▮ Apparently, after the trial began and while the court was in recess, the trial justice noticed the settlement/dismissal order in the file and questioned why another Superior Court justice had later vacated that order and reassigned the case to trial. In the ordinary case, Rule 60(b) of the Superior Court Rules of Civil Procedure empowers the trial justice to relieve a party from an order for any of the grounds enumerated in subsections (1) through (6).[3] But this was not the ordinary case, for here no party requested the trial justice to act under this rule, and both parties had previously consented to the August 5 trial-assignment order that was vacated by the trial justice's November judgment. Thus, in the absence of fraud, mutual mistake, actual lack of consent to that order, or some other extraordinary circumstance (none of which was present here), such a consent order cannot be set aside or vacated without the assent of all parties to that order. *E.g., Douglas Construction and Supply Corp. v. Wholesale Center of North Main Street, Inc.,* 119 R.I. 449, 452, 379 A.2d 917, 918–19 (1977) (listing cases).

It is undisputed that plaintiffs never consented to the trial justice's vacating of the consensual August 5 trial-assignment order. Thus we hold that the trial justice abused his discretion in vacating *sua sponte* this order without either first obtaining the consent of all parties or without a motion having been made and proof presented under Rule 60(b) establishing fraud, mutual mistake, the lack of actual consent, or the existence of other extraordinary circumstances.

▮ Moreover, even if the parties had not consented to the August 5 trial-assignment order, the trial justice's November judgment vacating this order was still error under the "law-of-the-case" doctrine. Ordinarily, after one judge has decided an inter-

locutory matter in a pending suit, a second judge on that same court, when confronted at a later stage of the suit with the same question in the identical manner, should refrain from disturbing the first ruling. *Salvadore v. Major Electric & Supply, Inc.,* 469 A.2d 353, 355–56 (R.I.1983); *State v. Infantolino,* 116 R.I. 303, 310, 355 A.2d 722, 726 (1976); *Rhode Island Ophthalmological Society v. Cannon,* 113 R.I. 16, 20, 317 A.2d 124, 126–27 (1974); *Goldstein v. Rhode Island Hospital Trust National Bank,* 110 R.I. 580, 588, 296 A.2d 112, 116 (1972); *Columbus Ornamental Iron Works, Inc. v. Martin,* 103 R.I. 620, 622, 240 A.2d 405, 406 (1968); *Payne v. Superior Court,* 78 R.I. 177, 184, 80 A.2d 159, 163, *reh'g denied,* 78 R.I. 177, 82 A.2d 167 (1951). Although this law-of-the-case doctrine does not have the finality of res judicata, "it is one that generally ought to be adhered to for the principal reason that it is designed to promote the stability of decisions of judges of the same court and to avoid unseemly contests and differences that otherwise might arise among them to the detriment of public confidence in the judicial function." *Salvadore,* 469 A.2d at 356 (quoting *Payne,* 78 R.I. at 184–85, 80 A.2d at 163).

▮ Although law-of-the-case principles will not bar reconsideration of an earlier order when evidence has been introduced in the interim that significantly extends or expands the record, this is not the case here. *E.g., Salvadore,* 469 A.2d at 356 (citing *Infantolino,* 116 R.I. at 311, 355 A.2d at 726). Therefore, we find that the law of the case also barred the trial justice from revisiting the previous trial assignment and settlement-dissolution decision made by another justice of the same court.

### Conclusion

Having determined that the trial justice's November 23 judgment vacating the August

---

**3.** Rule 60(b) reads in pertinent part as follows: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered *evidence* which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

trial-assignment order was unjustified without the plaintiffs' consent and violated the law-of-the-case doctrine, we sustain the plaintiffs' appeal, vacate the judgment of the Superior Court vacated, and remand this case to the Superior Court for trial.