HORACE MANN LIFE INSURANCE COMPANY

v.

**Charles H. DUBOIS et al.**

**No. 95–693–Appeal.**

Supreme Court of Rhode Island.

April 24, 1997.

Stephen Griffin, Providence.

Kevin Heitke, Dennis J. Tente, Cranston.

**ORDER**

The plaintiff, Horace Mann Life Insurance Company (Horace Mann), appeals from a Superior Court order granting motions to vacate filed by each of the defendants, Charles H. Dubois (Dubois) and Michael R. Masse (Masse). Over a year earlier, another Superior Court justice had "discharge[d Horace Mann] from all responsibility to any and all [d]efendants" after allowing it to maintain an interpleader action against Dubois and Masse, each of whom claimed to be the sole beneficiary of a $75,000 life insurance policy issued by Horace Mann. The Superior Court entered an interpleader order that required Horace Mann to deposit $75,000 (with appropriate adjustments for, inter alia, interest and counsel fees) into the Registry of the Superior Court and barred Dubois and Masse from filing any actions against Horace Mann concerning the life insurance at issue. However, after Dubois filed a summary-judgment motion against Masse to obtain the amount on deposit, a different motion justice hailed Horace Mann back into court and then vacated the interpleader order.

Pursuant to an order of this court, the parties appeared before us to show cause why this appeal should not be summarily decided. After hearing their arguments, reviewing their legal briefs, and examining the

perceive no cause and shall therefore proceed to determine the merits of this appeal at this time.

record, we conclude that cause has not been shown and that the appeal can be decided at this time.

Assuming without deciding that the order appealed from was a final order, we now reverse because in our opinion the second *motion justice abused her discretion* in granting the motions to vacate the interpleader order. In doing so, she relied on a new legal theory that she first suggested to Dubois and Masse during the hearing on the summary-judgment motion. The new legal theory advanced by the motion justice was that Horace Mann could be held liable not just for the $75,000 it had interpleaded but for $150,000 ($75,000 to Masse and $75,000 to Dubois). Her review of the case file led her to conclude—contrary to the assumption of all the parties to the earlier interpleader order—(1) that Horace Mann had issued not just one $75,000 life insurance policy on the life of the deceased, Melissa Masse, but two such policies (one for the benefit of her estranged husband (Masse) and one for the benefit of her father (Dubois)); and (2) that both policies were still in force when Melissa died in a tragic automobile accident.

However, the failure of Masse and Dubois to raise this two-policy theory when the interpleader order entered did not provide a proper basis for the motion justice to vacate that order under Rule 60(b) of the Superior Court Rules of Civil Procedure. *See Brown v. Amaral,* 460 A.2d 7, 11 (R.I.1983) (failure of the party to argue a particular legal theory or to apply the proper legal analysis to a factual situation does not provide the basis to vacate a court order under Rule 60(b)); *cf. Ludwig v. Kowal,* 419 A.2d 297, 304 (R.I. 1980).

Here the insurance-coverage facts that were or should have been known both to Masse and Dubois had not changed since the date the interpleader order entered. Only the motion justice's prompting during the summary-judgment hearing caused them to abandon their earlier position that only one policy had been in effect, to adopt the two-policy theory articulated by the motion justice, and to file motions to vacate the interpleader order. Thus there was no true "expanded record" to justify any revisiting of

the prior order. Moreover, it was inappropriate for the motion justice during a summary-judgment hearing to suggest a new legal theory and strategy for the defendants to pursue so that a previous order entered by a different Superior Court justice could be vacated and so that the dismissed plaintiff (Horace Mann) could be hailed back into court to face twice the liability it had agreed to pay when the interpleader order entered. *Cf. Richardson v. Smith,* 691 A.2d 543, 546 (1997) ("after one judge has decided an interlocutory matter in a pending suit, a second judge on that same court, when confronted at a later stage of the suit with the same question in the identical manner, should refrain from disturbing the first ruling").

For these reasons we reverse the order granting the motions to vacate, reinstate the interpleader order, and remand the papers in this case for further proceedings consistent with that order and this decision.

BOURCIER, J., did not participate.