**Albert PETERS, Sr., et al.**

v.

**JIM WALTER DOOR SALES OF TAMPA, INC., et al.**

**No. 84–598–Appeal.**

Supreme Court of Rhode Island.

May 7, 1987.

Edward Moses, Asquith, Merolla, Anderson, Ryan & Wiley, Providence, for plaintiffs.

Raymond LaFazia, East Providence School Dept., John F. Cuzzone, Jr., Jim Walter Door Sales & Stanley Works, Providence, for defendants.

OPINION

SHEA, Justice.

This case presents cross-appeals by the plaintiffs from a grant of directed verdicts by the Superior Court in favor of the defendants East Providence School Committee (the school committee) and the Stanley Works (Stanley) and by the defendant school committee from the grant of the plaintiffs' motion to amend their complaint.

The trial justice directed a verdict for the school committee, holding that it was not the proper defendant and that the plaintiffs instead should have named the city of East Providence in its suit. He found that the plaintiffs presented no evidence of a defect in Stanley's product and consequently granted its motion for a directed verdict. We affirm.

The plaintiffs' decedent, Albert Peters, Jr., then a student at East Providence Vocational School, sustained serious injuries when he was struck on the head by a descending garage door while attending an automotive-repair class. He later died as a result of his injuries. Albert and Dolores Peters originally filed their complaint in Providence County Superior Court as the heirs of Albert Peters, Jr., against a number of defendants. This appeal concerns the only two remaining defendants, the school committee and Stanley. The plaintiffs later moved to amend their complaint by adding as an additional plaintiff Albert Peters, Sr., as administrator of the estate of Albert Peters, Jr. This motion was granted on November 21, 1983.

In their complaint, plaintiffs alleged that the school committee negligently failed to supervise the automotive class and failed to maintain and repair the garage door, thereby causing injury to their son. The plaintiffs' suit against Stanley rested on theories of negligence, strict products liability and breach of the implied warranty of merchantability in connection with Stanley's manufacture of the garage-door opener (hereafter the operator).

In his grant of the school committee's motion for directed verdict, the trial justice, referring to *Cummings v. Godin*, 119 R.I. 325, 377 A.2d 1071 (1977), held that any suit against a municipal department, like the school committee, is a suit against the municipality itself and therefore must name the municipality as a defendant. Accordingly, he found that the school committee was not the proper party and that instead the city of East Providence should have properly been named defendant in this suit. Furthermore, he held that because plaintiffs alleged no personal liability against the individual members of the school committee, recovery against them was not possible since public officers cannot be held liable for the negligent acts of their subordinates. *See Gray v. Wood*, 75 R.I. 123, 130, 64 A.2d 191, 194 (1949). We agree.

In the case of *Dawson v. Clark*, 93 R.I. 457, 176 A.2d 732 (1962), upon which plaintiffs heavily rely, this court recognized that local school committees perform certain duties delegated to them by the General Assembly. *See also City of Pawtucket v. Pawtucket Teachers' Alliance*, 87 R.I. 364, 371, 141 A.2d 624, 628 (1958). The court acknowledged the autonomy in spending that may be exercised by a school committee once an appropriation is made to it by the municipality. *Mellor v. Clancy*, 520 A.2d 1278, 1279 (R.I. 1987). More importantly, however, this court also concluded that "school committees are agencies of the state, but are not 'state agencies,'" because their duties are limited to matters of local rather than statewide concern. *Cummings v. Godin*, 119 R.I. at 330, 377 A.2d at 1073; *see also Coventry School Committee v. Richtarik*, 122 R.I. 707, 714, 411 A.2d 912, 915 (1980) (school committees are "municipal bodies" and their employees are "municipal employees"). Our holding in *Cummings* is applicable to this case. Because the school committee is a department of the city of East Providence, the city itself and not the department is the proper party defendant.

The plaintiffs appeal the trial justice's grant of the school committee's motion for directed verdict, claiming that the trial justice failed to follow the law-of-the-case doctrine in rendering his decision. Prior to trial, the school committee filed a motion to dismiss on the grounds that plaintiffs failed to give notice of their claim to the city council in accordance with G.L. 1956 (1980 Reenactment) § 45-15-5. The justice who heard the motion held at that time that "the mechanics of notice as it relates to claims against the city or town, is not apropos." He ruled that a suit against a school committee is not the same as a suit against the municipality; therefore, lack of

notice was not fatal to plaintiffs' suit and the school committee's motion to dismiss was denied. The plaintiffs now argue that this pretrial ruling established the law of the case and bound the trial justice to accept the ruling that the school committee was the proper defendant in this action.

In *Payne v. Superior Court*, 78 R.I. 177, 80 A.2d 159 (1951), this court adopted the law-of-the-case doctrine. In that case we concluded that "[w]here a pure question of law is involved, ordinarily the second justice should not, if the same question is presented to him in the same manner, review the action of the first justice. * * * It is the first justice's *action* that is the law of the case and that should not be disturbed; not his *conception of the law* that induced him to act." (Emphasis in original.) *Id.* at 184, 80 A.2d at 163. Furthermore, we held in the same opinion that the law-of-the-case doctrine is a flexible rule and does not enjoy the finality of res judicata. *Id.* Rather, it is more in the nature of a rule of policy and convenience. *Salvadore v. Major Electric & Supply, Inc.*, 469 A.2d 353, 356 (R.I. 1983). The rule is designed to be one of procedure: it is meant to prevent needless repetition of work already completed in an earlier consideration of the same issue. Because of its flexibility, "the rule may be waived by reason of the importance of the issue involved to the ultimate disposition of the case." *Payne*, 78 R.I. at 185, 80 A.2d at 163.

■ The issue presented to the trial justice was certainly important to the ultimate disposition of this case. Whereas the justice who denied the school committee's motion to dismiss was asked to decide whether the notice provisions for claims against a city or town are applicable to a suit against a school committee, the justice who sat at trial was asked to decide whether a school committee can be held liable at all in this case. He should not be bound by an earlier decision concerning a related but not identical issue when the result may be the imposition of liability against a party that cannot be separately sued. To do so would defeat the purpose of the rule and ignore the need for its flexibility.

We next turn to a review of the trial justice's grant of defendant Stanley's motion for directed verdict. The trial justice found that plaintiffs had failed to present any evidence concerning the condition of the garage door operator at the time it left defendant Stanley's control. Specifically, plaintiffs failed to prove the presence of a defect.

The plaintiffs argue that the trial justice prevented them from introducing evidence that would prove defendant Stanley failed to perform its continuing duty to warn consumers of known or potential dangers in their product. The plaintiffs argue that the fact that certain documents were produced by defendant Stanley as part of its answers to interrogatories provides adequate authentication of those documents.

The court below properly excluded the evidence offered by plaintiffs on the grounds that the documents had not been properly authenticated and were irrelevant. The admission of evidence objected to as being irrelevant or immaterial is within the sound discretion of the trial justice. Absent an abuse of discretion, such evidentiary rulings will not constitute a basis for reversal. *Thomas v. Amway Corp.*, 488 A.2d 716, 720 (R.I. 1985); *Abbey Medical/Abbey Rents, Inc. v. Mignacca*, 471 A.2d 189, 194 (R.I. 1984). The documents offered by plaintiffs were dated 1977, although the door operator was installed in 1970. The plaintiffs did not argue to the trial justice that the state of defendant Stanley's knowledge in 1977 was relevant to its continuing duty to warn and instead raise the point for the first time on appeal. We will not address an issue on appeal that has not been presented to the trial justice. *Dubreuil v. Allstate Insurance Co.*, 511 A.2d 300, 301 (R.I. 1986); *Mesolella v. City of Providence*, 508 A.2d 661, 672 (R.I. 1986); *School Committee of North Providence v. North Providence Federation of Teachers*, 122 R.I. 105, 108, 404 A.2d 493, 495 (1979).

■ The only argument made by plaintiff below was that the documents had been properly authenticated by virtue of the fact that they had been supplied by

defendant Stanley as part of its answers to interrogatories. Rule 33(b) of the Superior Court Rules of Civil Procedure provides that answers to interrogatories may be used to the same extent as provided in Rule 26(d) for the use of the deposition of a party. The admissibility of deposition testimony, and consequently the admissibility of answers to interrogatories, is limited by Rule 26(e), which provides that such evidence may be excluded for "any reason which would require the exclusion of the evidence if the witness were then present and testifying." Hence, a necessary prerequisite for the admissibility of answers to interrogatories is that the answer must be admissible under the rules of evidence. *Thomas v. Amway Corp.,* 488 A.2d at 720. Discoverable material is any material that provides or may lead to further information that may lead the attorney to the discovery of admissible evidence. Super. R. Civ. P. 26(b)(1). Admissible evidence encompasses a more restricted group of material that must meet the threshold requirements of relevancy and materiality. Thus plaintiffs' argument that authentication of a document is provided simply because the document is furnished as part of an answer to an interrogatory fails to overcome the problems of relevancy and materiality.

When reviewing a motion for directed verdict, we are bound by the same rules that govern the trial justice. The evidence is examined in the light most favorable to the nonmoving party without a consideration of its weight or the credibility of the witnesses. If, after drawing only those reasonable inferences that support the nonmoving party's position, such examination reveals issues upon which reasonable minds could differ, the motion for directed verdict should be denied and the jury will be left to determine the issues of the case. *Souza v. Narragansett Council, Boy Scouts of America,* 488 A.2d 713, 714–15 (R.I. 1985).

■ In order to recover against a defendant in a products-liability action, the plaintiff must first prove the existence of a defect in the design or manufacture of the product that makes it unsafe for its intend-

ed use. *Ritter v. Narragansett Electric Co.,* 109 R.I. 176, 190, 283 A.2d 255, 262 (1971). Reasonable inferences relating to the defect may be drawn from the evidence in situations in which direct proof is not available. The inferences may not rely, however, on mere conjecture or speculation to establish the existence of the defect. *Thomas v. Amway Corp.,* 488 A.2d at 722.

■ Neither of plaintiffs' experts examined the operator itself. Their testimony was based on speculation that the operator did not contain a safety feature or that if it had, it was not in working order. No evidence was presented that would establish the existence of a defect at the time it left defendant Stanley's control. Without proof of this most basic element of products liability, we must agree with the trial justice that plaintiffs have failed to present any evidence upon which reasonable minds could differ. Consequently, we affirm the grant of the motion for directed verdict.

Since this decision effectively ends the litigation, we need not address the defendant school committee's challenge to the plaintiffs' amendment of the complaint.

For the above-stated reasons, the plaintiffs' appeal is denied, the judgment below is affirmed, and the papers of the case are remanded to the Superior Court.

WEISBERGER, J., did not participate.