**EAST PROVIDENCE SCHOOL COMMITTEE**

v.

**Charles M. SMITH III, et al.**

**No. 2005–137–Appeal.**

Supreme Court of Rhode Island.

April 28, 2006.

Andrew Thomas, Esq., Middletown, for Plaintiff.

Kelly M. Fracassa, Esq., Westerly, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Justice FLAHERTY, for the Court.

Does a school committee have standing to sue for money damages when students residing in other districts wrongfully attend its schools? The defendants, Charles M. Smith III and Maria Casimiro, contend that the East Providence School Committee lacked standing to bring suit against them, even though their two children attended school in East Providence while they were living in Providence. The defendants further argue that even if the school committee had standing to bring such an action, the Superior Court erred in its calculation of damages. For the reasons sets forth below, we agree that the school committee did not have standing to sue for tuition reimbursement and we reverse the judgment of the Superior Court.

## I

### Background

The events giving rise to this controversy might aptly be described as a tale of two cities: the City of Providence, where defendants resided with their children, and the City of East Providence, where their children attended school. Smith and Casimiro owned a home in East Providence that they rented to tenants, but they lived in Providence with their two children. In 1997 and 1998, defendants enrolled their children in the East Providence school system, surreptitiously using the East Providence address. In 1999, an investigation by the school department concluded that the children were not residents of the city,

despite defendants' claim of dual residency. Smith and Casimiro contested this determination by requesting a hearing before the commissioner of education in accordance with the procedures set forth in G.L.1956 § 16–64–6.

But in a written decision dated February 2, 2000, the commissioner rejected defendants' assertion of dual residency, and concluded that "[t]he children should be disenrolled from the East Providence school system and enrolled in the public schools of Providence, where they reside." The commissioner's decision later was affirmed by the Superior Court.[1]

In May 2001, the school committee filed a new action in Superior Court to recover what it claimed to be the reasonable value of educating defendants' two children. Eventually, the school committee moved for summary judgment. In response, Smith and Casimiro argued that the committee did not have standing to bring suit.[2] The Superior Court rejected this argument, however, and it granted summary judgment in favor of the school committee. On the issue of damages, the hearing justice relied on testimony from the superintendent of the East Providence schools concerning the per capita cost of educating students. Damages were awarded to the school committee in the amount of $40,538, plus interest and costs, based on book account and unjust enrichment. Smith and Casimiro timely appealed to this Court.

The parties came before the Supreme Court on April 3, 2006, under an order directing them to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we shall proceed to decide the appeal at this time. For the reasons explained in this opinion, we reverse the judgment of the Superior Court.

## II

### Standard of Review

When reviewing a hearing justice's decision to grant a summary judgment motion, we apply *de novo* review and employ "[t]he same standards applicable to the trial justice." *Town of Cumberland v. Rhode Island Interlocal Risk Management Trust, Inc.*, 860 A.2d 1210, 1214 (R.I. 2004). "We will affirm a summary judgment if we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *DelSanto v. Hyundai Motor Finance Co.*, 882 A.2d 561, 564 (R.I.2005) (citing *Alves v. Hometown Newspapers, Inc.*, 857 A.2d 743, 750 (R.I.2004)). A justice's findings on questions of law are also reviewed on a *de novo* basis. *Fleet National Bank v. 175 Post Road, LLC*, 851 A.2d 267, 273 (R.I.2004).

## III

### Analysis

As grounds for this appeal, Smith and Casimiro advance two arguments. First, they maintain that the East Providence School Committee lacked standing to bring suit to recover tuition costs because it is a department of the city, not a separate legal entity. They therefore argue that only the city had a right to sue them for damages.

---

1. Smith and Casimiro subsequently appealed to this Court, but their appeal ultimately was dismissed after we held that the decision was reviewable only by certiorari.

2. The defendants unsuccessfully raised this same argument in an earlier motion to dismiss.

Second, defendants contend that the motion justice improperly based the damage award on the per capita cost of educating students in the East Providence school system. They contend this method of calculation is error because the per capita cost substantially may exceed the actual cost of educating their two children.

### Standing

To determine whether a school committee has authority to bring suit to recover the costs of tuition from nonresident students, we begin our analysis with the observation that the Legislature has not explicitly created such a right. Section 16–64–6 sets forth an administrative procedure that applies when a student's residency is in dispute. The relevant portions of § 16–64–6 provide as follows:

"**Disputes over residency—Determination proceedings.** When a school district or a state agency charged with educating children denies that it is responsible for educating a child on the grounds that the child is not a resident of the school district * * * the dispute shall, on the motion of any party to the dispute, be resolved by the commissioner of elementary and secondary education * * * who shall hold a hearing and determine the issue. At any hearing, all parties in interest shall have the right to a notice of the hearing and an opportunity to present evidence and argument on their own behalf."

Although this provision does not explicitly grant school committees the authority to file suit for tuition reimbursement, the school committee nonetheless maintains that its authority to sue is implied because of its status as a party in interest to the administrative proceedings. It further argues that the right to bring suit in its own name is implied by G.L.1956 § 16–2–9(a), which vests a school committee with the

"entire care, control, and management" of the schools in its district.

Smith and Casimiro do not dispute that the school committee was a proper party to the initial administrative proceeding; however, they urge that in the subsequent suit to recover the cost of tuition, the school committee did not have standing because it is a department of the municipality. Therefore, they contend, if a right to recover tuition exists, it is the City of East Providence and not the school committee that must bring suit. To support this position, defendants rely on G.L.1956 § 45–15–2, which provides that "[e]very civil action brought by a town shall be brought in the name of the town unless otherwise directed specially by law."

Whether a school committee has standing to bring an action for damages after a finding that it was not responsible for educating nonresident pupils who attended its schools is a matter of first impression for this Court. The school committee argues that our holding in *Irish v. Collins*, 82 R.I. 348, 107 A.2d 455 (1954), should guide our analysis in the case at bar. In that case, members of the Middletown School Committee petitioned this Court for certiorari after the school superintendent successfully appealed his termination to the State Board of Education. The respondent argued that the school committee lacked standing to petition for the writ. We disagreed, and explained that:

"The right of school authorities to sue is often implied from the statutes defining their powers and duties. In the instant case the committee was actually made a party through the purported appeal of the superintendent to the commissioner. Under the broad powers conferred upon the committee by [G.L.1938, ch. 178, § 22], we are of the opinion that it was a necessary party and had a right to defend its jurisdiction. To deny this right

would result in an absurdity." *Irish*, 82 R.I. at 357, 107 A.2d at 459.[3]

In our opinion, the holding in *Irish* does not apply to the present case. First, the school committee in that case did not file a suit for damages; it was seeking our review to contest the administrative reversal of its personnel decision. Second, the school committee in *Irish* was involuntarily made a party to the action when the superintendent appealed his termination. Although Smith and Casimiro initiated the residency hearing, the school committee's subsequent lawsuit for damages was an entirely separate action and procedurally unrelated to the initial administrative hearing. Therefore, unlike *Irish*, the school committee in this case was not forced into the present action. Finally, since the time when *Irish* was decided, this Court has, on several occasions, clarified the legal status of school committees by noting that they are departments of their respective municipalities. *See, e.g., Town of Johnston v. Santilli*, 892 A.2d 123 (R.I. 2006); *Peters v. Jim Walter Door Sales of Tampa, Inc.*, 525 A.2d 46 (R.I.1987); *Cummings v. Godin*, 119 R.I. 325, 377 A.2d 1071 (1977).

For example, in *Peters*, an injured student's parents sought damages from this very same school committee after their son was fatally struck by a garage door in his automotive repair class. We held that the city, rather than the school committee, was the proper defendant "[b]ecause the school committee is a department of the city." *Peters*, 525 A.2d at 47; *accord Casey v. Newport School Committee*, 13 F.Supp.2d 242 (D.R.I.1998) (applying Rhode Island

law and holding city, rather than school committee, was proper defendant). The obvious distinction between *Peters* and the present case is that the school committee in that case was the defendant rather than the plaintiff. However, the principles set forth in *Peters* are instructive with respect to the issues before us here because that opinion makes clear that the municipality, rather than the school committee, is the real party in interest when money damages are at stake. *Compare Casey v. Newport School Committee*, 13 F.Supp.2d 242 (D.R.I.1998) (town rather than school committee was party of interest in action for damages), *and Peters v. Jim Walter Door Sales of Tampa, Inc.*, 525 A.2d 46 (R.I.1987) (same), *with School Committee of Providence v. Board of Regents for Education*, 112 R.I. 288, 308 A.2d 788 (1973) (school committee was aggrieved by unfavorable administrative action and thus had standing to petition for certiorari), *and Irish v. Collins*, 82 R.I. 348, 107 A.2d 455 (1954) (same).

In view of the school committee's status as a municipal department,[4] we believe that § 45–15–2 is dispositive of whether the committee had standing to bring a suit for damages. As noted above, this statute provides that a civil action by the town must be brought in the name of the town, "unless otherwise directed specially by law." *Id.* We are aware of no provision of the general laws that authorizes a local school committee to bring suit for money damages in its own name. Moreover, we are unwilling to imply a right to bring suit when it seems clear to

---

**3.** General Laws 1938, ch. 178, § 22 was a precursor to G.L.1956 § 16–2–9, which, like the current version of the statute, vested school committees with "the entire care, control, and management" of schools.

**4.** We acknowledge that even though school committees are local bodies, the General Assembly has delegated its constitutional responsibilities for public education to them, and vested them with "[t]he entire care, control, and management of all public school interests." Section 16–2–9(a).

us from other statutory provisions that the General Assembly's failure to confer such authority is not a matter of legislative oversight. For instance, § 16–2–21.4(b) authorizes a school committee to sue the municipality in the event of inadequate school funding, and G.L.1956 § 16–3–11 outlines the rights of a regional school committee by defining it as a "body politic" and explicitly setting forth the authority to sue and be sued as an "additional power[ ] and dut[y]." Section 16–3–11(a). Thus, we conclude that if the Legislature intended to vest local school committees with the authority to sue for damages in cases such as this, it would have done so. We therefore hold that the East Providence School Committee did not have standing to bring the present action. Because of our decision on the issue of standing, we need not address defendants' challenge to the calculation of damages.

## IV

### Conclusion

For the reasons stated herein, we reverse the judgment of the Superior Court. The record shall be remanded to the Superior Court.

ROBINSON, Justice, concurring.

I concur fully in the majority's opinion. In doing so, however, I do not retreat from the thoughts that I expressed in my recent dissenting opinion in the case of *Town of Johnston v. Santilli,* 892 A.2d 123, 133 (R.I.2006).

Even though I failed to persuade my colleagues in that case, I continue to be of the view that elected school committees have responsibilities and powers that differ radically from those of the ordinary departments of municipal government. With respect to the case at bar, however, I am content with the holding that a school committee lacks standing to bring an action for money damages. Since it is my understanding that any money recovered in such an action would have to be forwarded by the school committee to the municipal treasurer, it is entirely logical that the decision as to whether or not to sue a particular person or entity should be vested in the municipal body to which the treasurer reports.